```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BYRON SANTOS,                                           :
                        Plaintiff,                      :
v.                                                      :         **OPINION AND ORDER**
                                                        :
COMMISSIONER ANTHONY ANNUCCI;                           :         19 CV 5398 (VB)
SUPERINTENDENT ROBERT MORTON, JR.;                      :
and CORRECTION OFFICER R. FELDMAN,                      :
all individually and in their official capacities,      :
                        Defendants.                     :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Byron Santos, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against Anthony Annucci, the Acting Commissioner of the New York State Department of Corrections and Community Supervision; Robert Morton, Jr., the Superintendent of Downstate Correctional Facility ("Downstate"); and Downstate Correction Officer ("C.O.") R. Feldman.[1] Plaintiff alleges defendants violated his rights under the Eighth and Fourteenth Amendments by failing to protect him from an attack by another inmate.

Now pending is defendants Annucci and Morton's motion to dismiss pursuant to Rule 12(b)(6). (Doc. #22).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] Plaintiff also named Governor Andrew Cuomo as a defendant in his complaint. By Order dated August 22, 2019, the Court dismissed plaintiff's claims against Governor Cuomo pursuant to the Eleventh Amendment and plaintiff's failure to allege any facts plausibly suggesting Governor Cuomo had any direct involvement in, knowledge of, or responsibility for the alleged deprivations of plaintiff's constitutional rights. (See Doc. #13 at 2).

1

**BACKGROUND**

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

At all relevant times, plaintiff was an inmate at Downstate. Plaintiff alleges that on October 18, 2017, C.O. Feldman unlocked inmates' cells, including plaintiff's, and ordered the inmates to line up for dinner. Thereafter, an unidentified inmate allegedly attacked plaintiff, striking him numerous times. Plaintiff sustained a facial laceration that required a trip to the hospital and seven stiches. According to plaintiff, the assault occurred in front of C.O. Feldman, who called for emergency response unit assistance but did not otherwise intervene.

Plaintiff alleges C.O. Feldman "exercised deliberate indifference to plaintiff's health and safety by failing to protect him from a prison attack." (Doc. #2 ("Compl.") ¶ 24). Plaintiff further alleges Annucci and Morton failed to protect plaintiff, failed "to properly train and manage" prison staff, maintained an unsafe environment, and "caused the deprivation of plaintiff's rights." (Id. ¶ 29).

**DISCUSSION**

I.      Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[2] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678;

---

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Personal Involvement

Annucci and Morton argue plaintiff has failed to allege their personal involvement in any violation of plaintiff's constitutional rights.

The Court agrees.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983." Wright v. Smith, 21 F.3d 496, 501 (2d. Cir. 1994).

> Supervisor liability under § 1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).[3]

Here, plaintiff's allegations fail plausibly to state a Section 1983 claim against Annucci and Morton. The complaint does not contain any allegations suggesting Annucci and Morton were personally involved in the alleged incident on October 18, 2017. Plaintiff asserts in his opposition that Annucci and Morton are named as defendants because they are supervisors responsible for "making sure that all employee[s] follow the rules," (Doc. #35 at ECF 1), but plaintiff falls short of pleading any allegations suggesting Annucci and Morton failed to remedy an unconstitutional wrong, or maintained a policy or custom that sanctioned unconstitutional

---

[3] After Ashcroft v. Iqbal, district courts within the Second Circuit have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable. See Marom v. City of New York, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016) (collecting cases). The Second Circuit has yet to resolve this dispute. Id.

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

conduct.[4]  Moreover, plaintiff fails plausibly to allege what rules, if any, Annucci and Morton failed to enforce, or that Annucci and Morton were aware of, and indifferent to, a risk of harm to plaintiff.

Finally, plaintiff fails to suggest Annucci and Morton were grossly negligent in their supervision of prison staff, including C.O. Feldman.  Indeed, "[a] general allegation that [defendants] failed to train subordinates . . . is insufficient to establish personal involvement, absent some factual connection between their failure to train and the harm that eventually befell Plaintiff."  See Samuels v. Fischer, 168 F. Supp. 3d 625, 639 (S.D.N.Y. 2016).  In sum, plaintiff's allegations are conclusory and fail to suggest a plausible constitutional violation.

For the reasons above, plaintiff fails to state a plausible Section 1983 claim against Annucci and Morton.

III.    Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to a pro se litigant, who "should be afforded every reasonable opportunity to demonstrate that he has a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).  District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'"  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  This is true even when a plaintiff is proceeding pro se.  See Terry v. Inc.

---

[4]     "Doc. #35 at ECF__" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

5

Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

The complaint, even liberally construed, contains no allegations suggesting plaintiff has a valid constitutional claim against Annucci or Morton that plaintiff "inadequately or inartfully pleaded" and "should therefore be given a chance to reframe." See Cuoco v. Moritsugu, 222 F.3d at 112. The problems with plaintiff's claims are substantive, and better pleading will not cure them. For these reasons, amendment would be futile.

Accordingly, the Court concludes plaintiff would not be able to state a valid claim against Annucci or Morton if given an opportunity to amend his pleading.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #22) and terminate from the case defendants Anthony Annucci and Robert Morton, Jr.

Plaintiff's case shall continue only as against defendant C.O. Feldman, who has filed an answer to the complaint. (See Doc. #21).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: April 13, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge