```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BYRON SANTOS,                                  :
                        Plaintiff,             :
                                               :         OPINION AND ORDER
v.                                             :
                                               :         19 CV 5398 (VB)
CORRECTION OFFICER R. FELDMAN,                 :
                        Defendant.             :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Byron Santos, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Correction Officer ("C.O.") R. Feldman for failure to protect him in violation of the Eighth Amendment.

Now pending is defendant's motion for summary judgment. (Doc. #61).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

The parties have submitted briefs, a statement of material facts pursuant to Local Civil Rule 56.1, and declarations with exhibits, which together reflect the following factual background.

Plaintiff's claims arise out of an alleged incident that took place on October 18, 2017, when plaintiff was an inmate at Downstate Correctional Facility ("Downstate"), which is operated by the New York State Department of Corrections and Community Supervision ("DOCCS").[1]  Plaintiff alleges that, on that date, C.O. Feldman failed to protect him from an

---

[1] At the time the complaint was filed on May 28, 2019, plaintiff was located at Collins Correctional Facility. Plaintiff has since been transferred several times to several different DOCCS facilities, including Elmira Correctional Facility, from approximately July 2020 through approximately November 2021. Plaintiff is currently located at Five Points Correctional Facility.

attack by another inmate.

Plaintiff testified at his deposition that he did not file a grievance regarding the October 18, 2017, incident. (Doc. #62-1, at 83).

Plaintiff's testimony is corroborated by sworn declarations from Melissa Pickett, the grievance supervisor at Downstate, and Rachel Seguin, an assistant grievance director at the Central Office Review Committee ("CORC")—the body that would have heard any final appeals of plaintiff's grievances.

Pickett stated under oath that, as of the date of her declaration, Downstate had preserved grievance files for a period of time that would have included the October 18, 2017, incident, and a search of Downstate's records did not uncover any grievance filed by plaintiff regarding the at-issue incident. (Doc. #65).

Seguin stated under oath that CORC preserved grievance appeals for the same duration of time as Downstate, and a search of CORC's records did not uncover any appeal of any grievance filed by plaintiff regarding the at-issue incident. (Doc. #64).

In opposition to the motion for summary judgment, plaintiff now offers two different, unsworn accounts of filing grievances respecting the October 18, 2017, incident. (See Doc. #76 ("1st Pl. Opp."); Doc. #77 ("2d Pl. Opp.")).

First, plaintiff contends he "filed numerous grievances" regarding the at-issue incident. (2d Pl. Opp. at ECF 3).[2]  Plaintiff suggests the grievances must have been lost due to the "machinations" of C.O. Feldman and other, unspecified correction officers. (Id. at ECF 2; 1st Pl. Opp. at ECF 2).

---

[2]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Second, plaintiff asserts he "filed a late grievance at Elmira Correctional Facility," almost two years after the alleged incident took place, and "was told and shown that the incident was not a grievable incident." (1st Pl. Opp. at ECF 2; accord 2d Pl. Opp. at ECF 3).

## DISCUSSION

I. Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[3]

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 322–23. If the non-moving party submits "merely colorable" evidence,

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011). The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury reasonably could find for him. Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper. Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

However, bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991). Further, a plaintiff cannot manufacture a question of material fact by submitting affidavits or other statements contradicted by his own prior sworn testimony. See Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996).

Although courts must afford a pro se litigant special solicitude on a motion for summary judgment and read his submissions "to raise the strongest arguments that they suggest," such solicitude "does not relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 50 (2d Cir. 2003).

II.     Exhaustion of Administrative Remedies

Defendant argues he is entitled to summary judgment because plaintiff did not exhaust his administrative remedies as a matter of law.

The Court agrees.

A.      Applicable Law

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [Section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

For a New York state prisoner to exhaust his administrative remedies, he must comply with the three steps of New York's Inmate Grievance Program by: (i) submitting a complaint to the clerk of the facility's Inmate Grievance Resolution Committee ("IGRC") within twenty-one days of the alleged incident; (ii) appealing the decision to the superintendent of the facility within seven days of the IGRC's response; and (iii) appealing to CORC within seven days of the superintendent's response. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

On a motion for summary judgment, a defendant has the burden of demonstrating the plaintiff's failure to exhaust. Hubbs v. Suffolk Cnty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015). A defendant can meet that burden by submitting evidence that a grievance process exists, applies to the underlying dispute, and that plaintiff failed to utilize it. Id.

To withstand summary judgment, a plaintiff must offer more than conclusory allegations that he properly exhausted his administrative remedies. See, e.g., Bennett v. James, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010), aff'd, 441 F. App'x 816 (2d Cir. 2011) (summary order). [4]

A prisoner's duty to exhaust may be excused only when: (i) an administrative remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (ii) "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use" with rules "so confusing that . . . no reasonable prisoner can use them"; or (iii) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 643–44 (2016).

B.   Analysis

Here, there is no genuine issue of material fact as to whether plaintiff failed to properly exhaust the grievance procedure.

As an initial matter, defendant has met his "burden of establishing, by pointing to legally sufficient sources such as statutes, regulations, or grievance procedures, that a grievance process exists [at Downstate] and applies to the underlying dispute." Hubbs v. Suffolk Cnty. Sheriff's Dep't, 788 F.3d at 59; (see Doc. #65 ¶¶ 3–6; Doc. #64 ¶ 9).

Next, defendant offers credible evidence that plaintiff failed to utilize Downstate's grievance process respecting the at-issue incident. Specifically, plaintiff admitted at his deposition that he did not file a grievance regarding this incident, and grievance supervisors at

---

[4]   Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Downstate and CORC confirmed in sworn declarations that, after diligent searches, they did not find records of any grievances or appeals of grievances filed by plaintiff regarding this incident.

Although plaintiff now unveils new, unsworn claims that he filed "numerous" grievances regarding the at-issue incident that were either lost due to the "machinations" of DOCCS personnel or rejected as "non-grievable," it is well established that such "conclusory, post-deposition allegation[s] . . . which contradict [plaintiff's] own prior deposition testimony should be disregarded on a motion for summary judgment." McCullough v. Burroughs, 2008 WL 2620123, at *4 n.6 (E.D.N.Y. June 30, 2008) (disregarding plaintiff's post-deposition claim that "defendants made sure his grievance was not filed properly" when plaintiff had previously testified he did not grieve because he was advised against doing so).

Moreover, even putting aside his prior testimony, plaintiff's unsworn[5] claims that he filed grievances are precisely the type of "bald assertions unsupported by evidence" that "are insufficient [at the summary judgment stage] to overcome" the sworn declarations from Melissa Pickett and Rachel Seguin raising the contrary inference. See Rodriguez v. Hahn, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002); see also Chambers v. Johnpierre, 2016 WL 5745083, at *7 (D. Conn. Sept. 30, 2016) (plaintiff's unsupported claims regarding filing grievances could not overcome defendants' sworn statements regarding the lack of grievances identified after a reasonable investigation).[6]

---

[5]    As a general matter, a Court may not consider unsworn statements, that is, those made without a "declaration, certificate, verification, or statement" that what the declarant states is true "under penalty of perjury." See In re World Trade Ctr. Disaster Site Litig., 722 F.3d 483, 488 (2d Cir. 2013) (quoting 28 U.S.C. § 1746).

[6]    To the extent plaintiff recites the term "machinations" as an excuse for his failure to exhaust, that claim suffers from the same deficiencies.

Accordingly, because there is no genuine issue of fact respecting whether plaintiff exhausted his administrative remedies, and the evidence shows that plaintiff failed to exhaust, defendant is entitled to judgment as a matter of law.

## CONCLUSION

The motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #61) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: March 7, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge